[Civ. No. 2372.    Third Appellate District.—December 16, 1921.]

## J. W. PHILLIPS et al., Respondents, v. JOHN H. WHEELER et al., Appellants.

[1] Appeal—Order Granting New Trial—Sufficiency of Evidence —When not Reviewable.—On an appeal from an order granting a new trial, the question of the sufficiency of the evidence to support the verdict is eliminated from consideration where the order is silent as to the particular ground or grounds upon which it is predicated, since the presumption under section 657 of the Code of Civil Procedure, as amended in 1919, is that the order was not made upon that ground.

APPEAL from an order of the Superior Court of Sacramento County granting a new trial. Charles O. Busick, Judge. Reversed.

The facts are stated in the opinion of the court.

V. L. Hatfield, W. H. Hatfield and P. H. Johnson for Appellants.

Frank L. Gafney, H. T. Hiatt and C. B. Harris for Respondents.

HART, J.—On the sixteenth day of November, 1921, this court filed herein an opinion of which the following is a portion and which we hereby adopt as a part of this opinion:

"This is an appeal from an order granting a motion by the plaintiffs for a new trial. The motion was based upon all the statutory grounds (see sec. 657, Code Civ. Proc.), and the order granting it was in general language or silent as to the particular ground or grounds upon which it was predicated. There was no showing, by affidavits or otherwise, in support of any of the grounds enumerated in the first, second, third and fourth subdivisions of section 657, such a showing being required by section 658 of the Code of Civil Procedure. The action was for damages for personal injuries, and, the verdict being for defendants, no question of excessive damages, etc. (subd. 5, sec. 657), is involved herein, and it is obvious, therefore, that the order appealed from was not based upon that ground. [1] The question as to the sufficiency of the evidence to support the verdict is eliminated from consideration here, since the order granting the new trial does not state that it was made on that ground, the presumption in such case being, under said section 657, as amended by the legislature of 1919 (Stats. 1919, pp. 141, 142), that the order was not made upon that ground. It results that there are left but two of the several causes for which an order granting a new trial may be granted upon which the order could have been made, and they are: 1. That the verdict 'is against law' (subd. 6); 2. 'Error in law, occurring at the trial and excepted to by the party making the application' (subd. 7). But, as to these grounds, neither counsel for respondents nor counsel for appellants have a word to say in their briefs. In fact, the brief of counsel for respondents is devoted entirely to a discussion of the question of the discretion of a trial court in the matter of granting the motion on the ground of the insufficiency of the evidence to support the verdict, while

those of appellants involve merely a reply thereto and also the contention that the duty is not upon them to show that the court did not err in any of its rulings or instructions. There was no oral argument of the cause, it having been submitted upon the briefs on file. . . . It is clear that as the cause ·now stands submitted a reversal of the order would be justified. Inasmuch, however, as we conceive it our duty to assume that the trial court had some substantial legal reason for granting the motion, we feel reluctant about ordering a reversal without giving the attorneys for the respondents an opportunity to point out, if they can, any errors affecting their vital rights in the trial which occurred during the course thereof.''

In accordance with the conclusion thus announced, the order submitting the cause for decision was vacated and set aside and in due time the attorneys of the respective parties notified thereof, and the respondents were allowed ample time within which to point out, if they could, any errors of law occurring at the trial, or to show, if they could, wherein the verdict was against law, and the appellants were given like time within which to make a reply to any points which respondents might advance in the particulars mentioned. On the last day of the time (December 15, 1921) allowed to respondents for filing an additional brief covering the points upon which the court desired and in its opinion invited enlightenment, the attorneys for respondents filed a document with the record herein which was signed by said attorneys and which, among other things, states:

''Since the order made in the above-entitled action setting aside the submission on briefs on file, we have investigated the record in view of the suggestions made by the court in the order setting aside the submission. From a further examination of the transcript, we are convinced that the respondents cannot successfully argue the points referred to in the order setting aside the submission. We believe the trial court decided the points of law arising during the trial in a proper manner, but in view of the fact that we cannot consider the insufficiency of the evidence we cannot argue this point in connection with the ground that the verdict is against law. . . . We would therefore respectfully

submit that the order granting the new trial be vacated and set aside and that a *remittitur* issue forthwith."

Accordingly, the order appealed from is reversed and the *remittitur* ordered to issue forthwith.

Burnett, J., and Finch, P. J., concurred.